UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARY F. BROWN, )
 )
       *Plaintiff* )
 )
v. )    *Docket No. 06-22-B-W*
 )
MICHAEL J. ASTRUE, )
*Commissioner of Social Security,* [1] )
 )
       *Defendant* )


*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

    The plaintiff has applied for an award of attorney fees totaling $4,289.37 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to her Social Security Disability ("SSD") appeal, she obtained a remand for further proceedings before the Social Security Administration. *See generally* EAJA Application for Fees and Expenses ("Fee Application") (Docket No. 16); Invoice dated January 29, 2007 submitted to Mary Brown from Jackson & MacNichol ("Invoice"), attached thereto; Supplemental EAJA Fee Application, etc. ("Supplemental Fee Application") (Docket No. 19).

    The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted new Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

28 U.S.C. § 2412(d)(1)(A).

The commissioner concedes that the plaintiff is a prevailing party entitled to an award of attorney fees and lodges no objection to the hourly rate sought ($160.00 for work performed through January 29, 2007 and $162.50 for work performed thereafter); however, he contends that in certain respects the amount sought is excessive or otherwise unwarranted. *See* Defendant's Opposition to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("Fee Opposition") (Docket No. 17); Defendant's Response to Plaintiff's Supplemental Application for Attorney's Fees Under the Equal Access to Justice Act ("Supplemental Fee Opposition") (Docket No. 20). Specifically, he argues that the court should:

1.   Decline to award compensation for two invoice entries (totaling forty-five minutes) for time spent drafting a motion to extend time and reviewing the court order granting it. *See* Fee Opposition at 3-4.

2.   Decline to award fees for five hours and thirty minutes spent reviewing the record, taking notes and "[c]ompletely rework[ing] the case for oral argument" or, alternatively, award fees covering only one hour of oral-argument preparation. *See id*. at 4-5.

3.   Reduce the award for eight other entries to compensate for assertedly excessive charges caused by the plaintiff's counsel's practice of billing in fifteen-minute increments. *See id.* at 5-7.

4.   Decline to award fees for time incurred reviewing the commissioner's opposition to the plaintiff's initial fee application and drafting a reply memorandum thereto if the court sustains the defendant's objections to the initial fee application. *See generally* Supplemental Fee Opposition.

For the reasons that follow, I agree that (i) no compensation should be awarded for time spent on the motion to extend time, (ii) time spent in preparation for oral argument was excessive (although I

2

conclude that the plaintiff should be compensated for 2.5 hours of preparation time) and (iii) the eight entries identified as inflated by virtue of the practice of using quarter-hour billing increments should be adjusted downward.  However, I disagree that fees should be disallowed for time spent reviewing the commissioner's opposition to the initial fee application and drafting a reply memorandum in response thereto and supplemental fee petition.

      1.      <u>Motion To Extend Time</u>.  The commissioner reasons that inasmuch as the plaintiff's counsel prepared a motion to extend time for his own convenience and could not reasonably bill a client for that service, the government should not be made to foot the bill for it, either.  *See* Fee Opposition at 4 (citing *Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992); *Bowman v. Secretary of Health & Human Servs.*, 744 F. Supp. 898, 900 (E.D. Ark. 1989)).  The plaintiff counters that the commissioner's "billing judgment" rationale is undercut by the fact that, per the plaintiff's counsel's conversation with other local attorneys, the ordinary practice in this legal market is to bill clients for such time even though incurred to enable counsel to manage the overall demands of practice.  *See* EAJA Reply Memorandum ("Fee Reply") (Docket No. 18) at 2.  The plaintiff submits no affidavit from his counsel or other area attorneys, or any other evidence, establishing that this is so. *See generally id.*

    An EAJA fee claimant bears the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim.  *See, e.g., Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *1 (5th Cir. Sept. 19, 2005); *Knight v. Barnhart*, No. Civ.A. 02-1741, 2003 WL 21467533, at *2 (E.D. La. June 20, 2003).  In the absence of evidence that the time in question was reasonably expended or that it would have been appropriate to pass along charges for it to a client, the plaintiff falls short of meeting that burden with respect to these invoice items.  *See Burr*, 782 F. Supp. at 1290 ("[T]he court finds that the hours expended for obtaining extensions of time were not

reasonably necessary."); *Bowman*, 744 F. Supp. at 900 ("It is hard to see why counsel should be paid $75 for obtaining an extension of time which was entirely for counsel's convenience.").[2] Accordingly, I recommend that no compensation be awarded for forty-five minutes (0.75 hour) claimed for preparation of the motion to extend time and review of the court order granting it.

       2.      <u>Oral-Argument Preparation</u>.  The plaintiff's counsel's invoice indicates that counsel spent 2.5 hours reviewing the record and taking notes in preparation for oral argument as well as 3.0 hours "[c]ompletely rework[ing] the case for oral argument[.]"  Invoice at 2.  As counsel for the commissioner observes, this time was incurred over and above a total of ten hours spent preparing a detailed statement of errors.  *See* Fee Opposition at 4-5; Invoice at 2.

The plaintiff acknowledges that her counsel's preparation time for oral argument in this case "far exceed[ed] the amount of time counsel normally spends" for such preparation; however, she attempts to justify the additional time expenditure on the bases that the administrative law judge had handled the case "in a strange way" and that "[c]ounsel was uncomfortable with the way the issues were formulated in the statement of errors and went back and rethought the case in terms of how to present the oral argument in a sensible, and hopefully persuasive, way without deviating so far from the statement of errors as to invite the Defendant's boilerplate objection that the argument was not properly raised in that document."  Fee Reply at 3.  Neither explanation adds much ballast to the bottom-line proposition that the time expenditure was reasonable.  This court has made clear that it does not look kindly upon the minting of new arguments subsequent to the filing of the statement of errors.  *See Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally

---

[2] I am mindful, as well, that the plaintiff's counsel frequently files motions for extensions of time in Social Security cases – something that is not common practice among the Social Security bar in this court.  This tends to strengthen the commissioner's hand in arguing that (i) the filing in question was made for counsel's convenience, and (ii) it is not reasonable to oblige the government to pay for it.

are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).  As should have been apparent to the plaintiff's seasoned counsel, an expenditure of an additional 3.0 hours on the brink of oral argument to confront the "strangeness" of an administrative law judge's ruling and to reconsider his client's whole case was not reasonable.  In an exercise of billing judgment, that time should not have been charged to the client.  I agree with the commissioner that he should not be obliged to foot the bill for it, either.

That said, I decline to recommend that the court award the plaintiff no fee at all, or alternatively only one hour's worth of fees, for oral-argument preparation as the commissioner requests.  Setting aside the plaintiff's counsel's expenditure of 3.0 hours to rethink his client's case, his investment of 2.5 hours to prepare for oral argument by reviewing the underlying record and making notes was within the ballpark of the reasonable.

3. <u>Billing in Quarter-Hour Increments</u>.  The commissioner next challenges as excessive eight invoice entries with respect to which the plaintiff's counsel's practice of charging in quarter-hour increments can be seen to have resulted in an inflated fee (for example, a $40 charge for a quarter of an hour to review a one-sentence-long order).  *See* Fee Opposition at 5-7.  He seeks a reduction from a quarter-of-an-hour charge to a tenth-of-an-hour charge for each of those items, shaving total compensable time from 2.0 hours to 0.8 hour and lowering the total charge from $320.00 to $128.00. *See id*. at 7.  The plaintiff replies that her counsel "does not acquiesce in the assertions regarding the billing in one quarter hour segments versus one tenth hour segments but respectfully submits that the amount involved on that point is not worth arguing about and leaves it to the court's discretion." Fee Reply at 3.

5

Caselaw cited by the commissioner, as well as caselaw I have found, makes clear that reduction in a fee award is appropriate to the extent that the practice of billing in quarter-hour increments can be discerned to have resulted in an excessive charge (as in the eight specific examples cited by the commissioner). *See, e.g., Preseault v. United States*, 52 Fed. Cl. 667, 680 (Fed. Cl. 2002) ("Plaintiffs' invoices disclose that their attorneys used a minimum quarter-hour billing increment that resulted in inordinate charges for simple tasks, such as leaving and reviewing e-mail and voice-mail messages."); *Hagan v. MRS Assocs., Inc.*, No. Civ. A. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001), *aff'd*, 281 F.3d 1280 (5th Cir. 2001) ("The billing records in this case, reflecting many quarter-hour time entries for the briefest of tasks, undermine the reasonableness of at least a portion of the billings."); *Edwards v. National Bus. Factors, Inc.*, 897 F. Supp. 458, 461 (D. Nev. 1995) (observing that "no attorney" needs 0.25 hour to review a one-page order); *Williams v. Sullivan*, Civ. A. No. 89-3285, 1991 WL 329581, at *2 (D.N.J. Feb. 7, 1991) (reducing fee award to extent counsel's practice of billing in thirty-minute increments had resulted in thirty-minute claims for such simple tasks as serving complaint, reviewing answer and signing consent order; observing, "Reason dictates that all of these services did not take thirty minutes.").

Accordingly, I recommend that the court reduce the total award for the eight challenged entries from $320.00 for 2.0 hours expended to $128.00 for 0.8 hour expended.

    4.    <u>Time Expended on Fee Litigation</u>.  The commissioner finally makes the curious argument that "counsel for the plaintiff should be reimbursed for time spent drafting the [fee-application] reply memorandum only if Defendant's objection is not sustained." *See* Supplemental Fee Opposition at 1-2.

In this circuit, attorney fees incurred in litigating EAJA fee applications are recoverable. *See, e.g., McDonald v. Secretary of Health & Human Servs.*, 884 F.2d 1468, 1480 (1st Cir. 1989)

("[W]here the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to litigation over fees, and any appeal.") (citation and internal quotation marks omitted). The commissioner cites no authority in support of the proposition that fees for such litigation should be denied to the extent the commissioner's position on fees prevails. In any event, if the court agrees with my recommended disposition, the commissioner will not have fully prevailed in his objections to the initial fee application.

Accordingly, I recommend that the plaintiff be awarded the total of $609.37 sought for 3.75 hours' work reviewing the commissioner's opposition to her fee application and drafting a reply memorandum and supplemental fee petition.

To summarize: I recommend that the court (i) decline to award fees for 0.75 hour billed for drafting of a motion to extend time and review of the order granting it (resulting in a reduction of $120.00), (ii) decline to award fees for 3.0 hours billed to rethink the client's case in preparation for oral argument (resulting in a reduction of $480.00) and (iii) reduce the number of compensable hours by a further 1.2 hours to adjust for the plaintiff's counsel's practice of billing in quarter-hour increments (resulting in a reduction of $192.00). If this recommended decision is adopted, the plaintiff will be awarded a total of $3,497.37 for 18.05 hours of attorney time devoted to this case through January 29, 2007 and billed at $160.00 per hour and 3.75 hours of attorney time expended thereafter and billed at $162.50 per hour – a reduction of $792.00 from the total requested fee award of $4,289.37 for 23.0 hours of attorney time billed at $160.00 per hour and 3.75 hours of attorney time billed at $162.50 per hour.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of April, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge